E-FILED
Tuesday, 04 August, 2020  11:18:12 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| CHRISTINE NEFF, <br>      Plaintiff, <br><br>    v. <br><br> CEDARHURST LIVING, LLC <br><br>      Defendant. | Case No.: |

## COMPLAINT

NOW COMES CHRISTINE NEFF, Plaintiff herein, by Carl R. Draper, one of her attorneys, and for her Complaint against Defendant CEDERHURST LIVING, LLC., she states the following:

PARTIES

1.  Christine Neff is a citizen of the State of Illinois and a resident of Champaign, Illinois which is within the Central District of Illinois.

2.  Defendant, Cedarhurst Living, LLC, is a limited liability corporation authorized to conduct business in the State of Illinois and operates its businesses, among other areas, in Quincy, Jacksonville, and Springfield, Illinois. Those operations are all within the Central District of Illinois.

JURISDICTION AND VENUE

3.  The facts at issue in the allegations contained in this Complaint happened and had impacts on the Plaintiff in the Central District of Illinois.

4.  This action makes claims pursuant to the Family Medical Leave Act, 29 USC §2601. This court has jurisdiction pursuant to 28 USC §1343(a) (3) and (a)(4) in that this action involves a question of federal law.

5.  Plaintiff is an individual who also is an "eligible employee" within the meaning of the Family Medical Leave Act (FMLA) in that she had been an employee for the employer for more than 18 months preceding the events alleged below. (29 USC § 2611)

6.  Defendant is an "employer" within the meaning of FMLA in that Defendant was engaged in commerce and employed more than 50 employees during each 14-day for 20 or more of the preceding calendar weeks in relation to the events alleged herein. (29 USC § 2611)

7.  At the times relevant to the matter alleged herein, Plaintiff had been employed as the Senior Regional Director of Operations responsible for 5 assisted living in memory care communities that included, among others, the facility in Jacksonville, Illinois. She was sometimes assigned to other responsibilities.

FACTS

8.  Beginning generally in November 2018, Plaintiff's duties as Regional Director of Operations increased requiring a substantial workload that included on average more than 60 hours per week.

9.  In February 2019, Plaintiff received a promotion to the position of Senior Regional Director of Operations which made her responsible for all Regional

Directors when the Vice President of Operations, Almir Sajtovic (Sajtovic), was unavailable or on vacation.

10. In November 2019, Plaintiff began suffering uncontrollable stress seriously affecting her health.

11. On November 4, 2019 Plaintiff met with Sajtovic to discuss her health concerns including high levels of stress and sleep disorder. At that time, Sajtovic told Plaintiff that if she needed to take time off, he would cover her responsibilities.

12. As a consequence, Plaintiff contacted Sajtovic on November 14, 2019 to discuss the continuing job stress caused by recent work-related events.

13. Plaintiff, at that time, had a telephone call with Sajtovic to discuss work issues and explained that she had been crying all night and under such stress that she was not sure that she could continue working for Defendant.

14. On November 15, 2019, Plaintiff contacted Jarika Peterson, the Vice President of Human Resources by text messaging stating that she was not feeling well and requested information about the employee assistance program.

15. On November 15, 2019 Plaintiff followed up and called the Employee Assistance Program for help with her mental health issues.

16. After discussing these issues with the Employee Assistance Program, Plaintiff again communicated by text message to Sajtovic explaining that she was crying and could not stop. To this, Sajtovic replied that she could take as much time off work as needed. A true and correct copy of the text messages are attached hereto as Exhibit A.

17.    On November 19, 2019, Plaintiff contacted Brinda Beasley to request information about disability insurance coverage or other options relating to time off from work.

18.    Plaintiff was not given any further information concerning any forms or other information needed to properly apply for FMLA benefits.

19.    Defendant denied Plaintiff's request for time off. Plaintiff was not allowed to leave work on November 15, 2019 despite her request and her serious condition that she had reported.

20.    On November 15, 2019 Stephanie Phingsten, Vice President of Clinical Services had reported to Sajtovic several times that day about Plaintiff's condition.

21.    Defendant terminated Plaintiff's employment on November 17, 2019 after Plaintiff continued telling Sajtovic of her extreme exhaustion and emotional state.

22.    Plaintiff then contacted Brinda Beasley, Vice President of Employee Relations to explain her request for leave and to be allowed to return to work, but Beasley refused.

STATUTES INVOLVED

23.    At all times relevant to the allegations of this complaint, there was in force and effect the Family and Medical Leave Act.29 U.S.C. §2612 *et seq.* ("the Act")

24.    Pursuant to the Act, eligible employees are entitled to up to a total of 12 workweeks of leave during any 12-month period because of a serious health

25. condition that makes the employee unable to perform the functions of the position held. 29 U.S.C. §2612(a).

26. Pursuant to the Act, any eligible employee who takes leave under for the intended purpose of the leave shall be entitled, on return from such leave to be restored by the employer to the position of employment held by the employee when the leave commenced. 29 U.S.C. §2614(a).

27. The Act makes it, "… unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided…" by the Act. 29 U.S.C. §2615.

28. The Act authorizes civil actions for any violation of the FMLA by an employer and provides the remedies at 29 U.S.C. § 2617 as follows:

(a) Civil action by employees.

   (1)    Liability. Any employer who violates section 105 shall be liable to any eligible employee affected—

      (A) for damages equal to—

         (i) the amount of—

            (I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or

            (II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks (or

26 weeks, in a case involving leave
under section 102(a)(3) of ages or salary
for the employee;

(ii) the interest on the amount described in clause
(i) calculated at the prevailing rate; and

(iii) an additional amount as liquidated damages
equal to the sum of the amount described in
clause (i) and the interest described in clause
(ii), except that if an employer who has violated
section 105 proves to the satisfaction of the
court that the act or omission which violated
section 105 in good faith and that the employer
had reasonable grounds for believing that the
act or omission was not a violation of section
105 , such court may, in the discretion of the
court, reduce the amount of the liability to the
amount and interest determined under clauses
(i) and (ii), respectively; and

(B)  for such equitable relief as may be appropriate,
including employment, reinstatement, and
promotion.

(2) Right of action. An action to recover the damages or
equitable relief prescribed in paragraph (1) may be
maintained against any employer (including a public agency)
in any Federal or State court of competent jurisdiction by any
one or more employees for and in behalf of—

(A) the employees; or

(B) the employees and other employees similarly
situated.

(3) Fees and costs. The court in such an action shall, in addition
to any judgment awarded to the plaintiff, allow a reasonable
attorney's fee, reasonable expert witness fees, and other
costs of the action to be paid by the defendant.

29.   The acts or omissions of Defendant violated the rights that Plaintiff had under the Act in one or more of the following ways:

A.   Defendant interfered with, restrained, and/or denied Plaintiff's exercise of her rights under the FMLA by refusing to authorize her reasonable requests for medical leave.

B.   Defendant interfered with, restrained, and/or denied Plaintiff's exercise of her rights under the FMLA by terminating Plaintiff from her employment.

C.   Defendant interfered with, restrained, and/or denied Plaintiff's exercise of her rights under the FMLA by refusing her request to be reinstated to her full-time position

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

a.   Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. §2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii)

b.   Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii).

c   Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617(a)(1)(B).

d.   Attorney's fees, expert witness fees, and costs of this action, pursuant to

29 U.S.C.A. § 2617(a)(3), and such other relief as this Court may deem

just and proper.


### DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury.


CHRISTINE NEFF, Plaintiff,

By:   s/ Carl R. Draper
Carl R. Draper, #03128847
*FELDMANWASSER*
1307 South Seventh Street
Springfield, IL   62703
(217) 544-3403
cdraper@feldman-wasser.com